**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| DYNAVOX SYSTEMS LLC,<br>a Delaware Limited Liability Company,<br><br>                Plaintiff,<br><br>            v.<br><br>EFFECTIVE UI, INC., a Colorado Corporation,<br>and JOHN MYERS, Individually, and doing<br>Business as 1st Door Software,<br><br>                Defendants. | No. _____ |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, DynaVox Systems LLC ("DynaVox"), by its undersigned counsel, for its Complaint against Defendants, Effective UI, Inc. and John Meyers, states:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter herein under 28 USC § 1331 as this Complaint raises a Federal Question.

2. This Court has further jurisdiction over the subject matter herein under 28 USC § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

3. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of this action is situated in this district, and the defendants maintain their principal places of business in this district.

1

**PARTIES**

5. Plaintiff, DynaVox Systems LLC is a Delaware Limited Liability Company with its principal place of business located at 2100 Wharton Street, Suite 400, Pittsburgh, Pennsylvania, 15203 ("DynaVox"). For diversity purposes, the sole member of DynaVox is a citizen of Delaware.

6. Effective UI, Inc. is a Colorado corporation with its principal place of business located at 2162 Market Street, Denver, Colorado, 80205 ("Effective UI").

7. 1st Door Software is a registered trade name for John Meyers, a citizen of the State of Colorado residing at 529 Washington St, Apt 201, Denver, Colorado 80203.

**General Allegations**

8. DynaVox is the world's leading provider of communication and education products for individuals with significant speech, language and learning disabilities. It provides speech generating devices as well as special education software to customers worldwide.

9. Prior to October 2009, DynaVox had considered engaging a contractor to develop a highly confidential and proprietary software application which would potentially further DynaVox business model (the "Application").

10. On or about October 21, 2009, DynaVox and Effective UI entered into a Master Services Agreement (the "MSA") pursuant to which Effective UI would develop the Application. (A copy of the MSA is attached hereto and incorporated herein as Exhibit A)

11. The MSA entered into between Effective UI and DynaVox contained a confidentiality provision as follows:

> 13.1 Effective UI agrees that Effective UI and all of its employees and agents shall keep in confidence all information relating to the methodologies, products, product plans, trade secrets, secret processes, programs, program listings, source code, object code, formulas, cost information, marketing information, price lists,

2

> business forms, financial records, customers and markets of Client [DynaVox], plus any designs, business plans, business opportunities, finances, research ,development, know-how or personnel data and all other confidential knowledge, date and information related to the business and affairs of the Client [DynaVox] (collectively "Proprietary Information") that may be acquired pursuant to, or in connection with, this Agreement or the relationship contemplated by this Agreement. During and for a period of (3) years after the term of this Agreement, neither Effective UI nor any of its employees or agents will, without the prior written consent of an officer of Client [DynaVox], publish, communicate, divulge or disclose any of such Proprietary Information…..

(See Exhibit A).

12.     The Application was highly proprietary and the development of the same involved the disclosure by DynaVox to Effective UI of various confidential and proprietary information including know how, business plans, models and the like concerning the Application and similar aspects of DynaVox larger business model.

13.     Upon information and belief, Myers was a contractor or agent of Effective UI and had access to the Application during its developmental stages and further had access to DynaVox confidential and proprietary information concerning the Application.

14.     Effective UI designed and developed the Application pursuant to the terms of the MSA.

15.     Upon completion of the development of the Application, DynaVox paid to Effective UI the amount of $293,634.00.

16.     DynaVox decided, for business reasons, to maintain strict confidentiality over the Application, to not release the Application to the public as well as not making any kind of announcement concerning the Application.

17.     DynaVox never authorized Effective UI, or any other party, to make any announcement or publication concerning the Application.

18. On or about April 14, 2011, DynaVox discovered that Meyers, on his website www.1stdoor.com had made an announcement concerning DynaVox's development and eventual release of the Application (the "Announcement").

19. The Announcement made use of the trademarked term 'DynaVox' as well as DynaVox logo.

20. The Announcement was never authorized by DynaVox. In fact, had DynaVox been aware of the Announcement before it was made, DynaVox would have taken swift measures to prevent it from occurring.

21. The Announcement included false and misleading information concerning DynaVox's intentions and motives concerning the Application.

22. The Announcement also included the use of several DynaVox trademarks without permission.

### Count I – Permanent Injunction
### Trademark Infringement vs. 1st Door Software and John Meyers

23. DynaVox restates the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24. DynaVox is the leader in speech generating devices and special education software.

25. To identify itself to its customers, DynaVox, through a predecessor entity, registered the name 'DynaVox' with the United States Patent and Trademark Office (the "PTO"). The PTO issued a Certificate of Registration under Registration number 1,692,565. (the "DynaVox Mark") A copy of the registration certificate for the DynaVox Mark is attached hereto and incorporated herein as Exhibit B.

26. Today, DynaVox continues to use the DynaVox Mark as the name and moniker for its entire company.

27. For most of its existence, DynaVox has been known as a leader in speech generating devices and special education software

28. John Meyers' use of the DynaVox Mark to promote, market, or attract traffic to the website www.1stdoor.com constitutes Unfair Competition pursuant to 15 U.S.C. 1125(a). Meyers' use of the mark is likely to cause confusion, mistake, and deception among consumers. Meyers' unfair competition has caused and will continue to cause damage to DynaVox and is causing irreparable harm to DynaVox for which there is no adequate remedy at law.

**WHEREFORE**, for the foregoing reasons, on its First Claim, Plaintiff, DynaVox Systems LLC prays:

(a) That the Defendant John Meyers, individually and doing business as 1st Door Software, be permanently enjoined from using the DynaVox Mark depicted in Exhibit B, or any colorable imitation thereof;

(b) That the Defendant John Meyers, individually and doing business as 1st Door Software, be permanently enjoined from using any trademark that imitates or is confusingly similar to or in any was similar to the DynaVox Mark or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of DynaVox products or their connectedness to Defendant John Meyers doing business as 1st Door Software;

(c) That this Court award DynaVox damages for its actual losses suffered as a result of infringement pursuant to 15 USC 1117;

(d) That this Court compel Defendant John Meyers, individually and doing business

                as 1st Door Software, to account to DynaVox for any and all profits derived from its illegal acts complained of herein;

(e)     That the Defendant John Meyers, individually and doing business as 1st Door Software, be ordered to deliver up for destruction all labels, signs, prints, advertising, promotional material or the like in possession, custody or under the control of Defendant John Meyers, individually and doing business as 1st Door Software, bearing a trademark found to infringe DynaVox's Mark;

(f)     That this Court award DynaVox its attorneys fees and costs incurred in bringing this action pursuant to 15 USC 1117; and

(g)     That this Court grant any additional relief it deems just and equitable.

## Count II – Permanent Injunction
## False Description vs. John Meyers

29.     DynaVox restates the allegations set forth in paragraphs 1-28 above as if fully set forth herein.

30.     Since approximately 2004, DynaVox has made use of the 'man and star' logo ( the "Logo"). A depiction of the Logo is attached hereto as Exhibit C.

31.     Since approximately 2004, DynaVox has expended substantial sums of money marketing and advertising the company and the Logo as being synonymous and symbolic of DynaVox's business model and product line.

32.     Since approximately 2004, DynaVox has used the Logo exclusively as the symbol of its business.

33.     DynaVox has applied for registration of the Logo with the PTO.

34. On or about April 14, 2010 Defendant Meyers doing business as 1st Door Announcement made unauthorized use of the DynaVox Logo and further contained misleading descriptions of fact concerning DynaVox's motives and intentions concerning the Application.

35. DynaVox avers that John Meyers' use of the Logo and the descriptions of the Application therewith comprise a false description or representation of such businesses or products under 15 U.S.C. 1125(a).

36. Such use of the Logo and the descriptions of the Application therewith are likely to cause confusion, mistake, or deceive as to the affiliation, connection, or association of John Meyers doing business as 1st Door Software with DynaVox.

**WHEREFORE**, for the foregoing reasons, Plaintiff, DynaVox Systems LLC prays:

(a) That the Defendant John Meyers, individually and doing business as 1st Door Software, be permanently enjoined from using the DynaVox Logo depicted in Exhibit C, or any colorable imitation thereof;

(b) That the Defendant John Meyers, individually and doing business as 1st Door Software, be permanently enjoined from using any trademark that imitates or is confusingly similar to or in any was similar to the DynaVox Logo or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of DynaVox products or their connectedness to Defendant John Meyers, individually and doing business as 1st Door Software;

(c) That this Court award DynaVox damages for its actual losses suffered as a result of John Meyers' infringement pursuant to 15 USC 1117;

(d) That this Court compel Defendant John Meyers to account to DynaVox for any and all profits derived from his illegal acts complained of herein;

(e) That the Defendant and John Meyers, individually and doing business as 1st Door Software, be ordered to deliver up for destruction all labels, signs, prints, advertising, promotional material or the like in possession, custody or under the control of Defendant John Meyers, individually and doing business as 1st Door Software, bearing a trademark found to infringe DynaVox's Logo;

(f) That this Court award DynaVox its attorneys fees and costs incurred in bringing this action pursuant to 15 USC 1117; and

(g) That this Court grant any additional relief it deems just and equitable.

### Count III – Permanent Injunction
### Trade Secret Misappropriation vs. John Meyer

37. DynaVox restates the allegations set forth in paragraphs 1-36 above as if fully set forth herein.

38. As stated above, DynaVox has developed and now owns certain trade secrets and confidential and proprietary information, including but not limited to the knowledge, know-how, pricing and business strategies concerning the Application which are valuable, special, and comprises a unique asset of DynaVox. These secrets and other confidential and proprietary information constitute trade secrets under the Colorado Trade Secrets Act, C.R.S. 7-74-102 (2010).

39. DynaVox is entitled to protect disclosure of its trade secrets and confidential and proprietary information.

40. The trade secrets at issue are not known or readily available by others in the industry.

41. By virtue of his work with Effective UI, Myers had access to and now has knowledge of DynaVox's trade secrets and confidential and proprietary information.

42. Myers misappropriated DynaVox's trade secrets because while he was working at Effective UI and at the time of his disclosure of such secrets to third parties, including but not limited to 1st Door Software and those viewing the website www.1stdoor.com on or about April 14, 2011, Myers knew that his acquisition of the secrets and other confidential and proprietary information was acquired under circumstances giving rise to a duty to maintain their secrecy and to limit their use.

43. As a direct and proximate result of Meyer's misappropriation of DynaVox's trade secrets, DynaVox has been and will continue to be damaged.

44. The business of DynaVox is threatened by the manifest and continuing operation of its trade secrets by Myers.

45. DynaVox has no adequate remedy at law and to relieve it from Myers' continuing misappropriation of DynaVox's trade secrets and confidential and proprietary and confidential information.

46. DynaVox will be irreparably harmed by Myers' continuing misappropriation of DynaVox's trade secrets and confidential and proprietary information.

47. Pursuant to C.R.S. 7-74-103, DynaVox is entitled to an injunction to prohibit Myers's misappropriation of DynaVox's trade secrets and confidential and proprietary information.

**WHEREFORE**, for the foregoing reasons, Plaintiff, DynaVox Systems, LLC. prays:

(a)   That the Defendant, John Meyers, be permanently enjoined from misappropriating and disseminating DynaVox's confidential information including the Application descriptions and business strategies;

(b)   That the Defendant, John Myers, be ordered to return any and all original and

        copies of information misappropriated from DynaVox;

(c)     That this Court award DynaVox damages for its actual losses suffered as a result of the Meyers' misappropriation of DynaVox's trade secrets;

(d)     That this Court grant any additional relief it deems just and equitable.

## Count IV – Permanent Injunction
## Trade Secret Misappropriation vs. Effective UI

48. DynaVox restates the allegations set forth in paragraphs 1-47 above as if fully set forth herein.

49. As stated above, DynaVox has developed and now owns certain trade secrets and confidential and proprietary information, including but not limited to the knowledge, know-how, pricing and business strategies concerning the Application which are valuable, special, and comprises a unique asset of DynaVox. These secrets and other confidential and proprietary information constitute trade secrets under the Colorado Trade Secrets Act, C.R.S. 7-74-102 (2010).

50. DynaVox is entitled to protect disclosure of its trade secrets and confidential and proprietary information.

51. The trade secrets at issue are not known or readily available by others in the industry.

52. By virtue of its status as a contractor of DynaVox, Effective UI has/had access to and now has knowledge of DynaVox's trade secrets and confidential and proprietary information.

53. Effective UI misappropriated DynaVox's trade secrets by virtue of its disclosure without express or implied consent by a person who acquired the trade secrets under circumstances giving rise to a duty to maintain its secrecy.

54. As a direct and proximate result of Effective UI's misappropriation of DynaVox's trade secrets, DynaVox will be damaged.

55. The business of DynaVox is threatened by the manifest and continuing misappropriation of its trade secrets by Effective UI.

56. DynaVox has no adequate remedy at law and to relieve it from Effective UI's continuing misappropriation of DynaVox's trade secrets and confidential and proprietary and confidential information.

57. DynaVox will be irreparably harmed by Effective UI's continuing misappropriation of DynaVox's trade secrets and confidential and proprietary information.

58. Pursuant to C.R.S. 7-74-103, DynaVox is entitled to an injunction to prohibit Effective UI's misappropriation of DynaVox's trade secrets and confidential and proprietary information.

**WHEREFORE**, for the foregoing reasons, Plaintiff, DynaVox Systems LLC. prays:

(a) That the Defendant, Effective UI, be permanently enjoined from misappropriating and disseminating DynaVox's confidential information including the Application itself, along with descriptions and business strategies;

(b) That the Defendant, Effective UI, be ordered to return any and all original and copies of information misappropriated from DynaVox;

(c) That this Court award DynaVox damages for its actual losses suffered as a result of Effective UI's misappropriation of DynaVox's trade secrets;

(d) That this Court grant any additional relief it deems just and equitable.

### Count V –
### Breach of Contract v. Effective UI

59. DynaVox restates the allegations set forth in paragraphs 1-58 above as if fully set forth herein.

60. The MSA entered into between Effective UI and DynaVox contained a confidentiality provision as follows:

> 13.1. Effective UI agrees that Effective UI and all of its employees and agents shall keep in confidence all information relating to the methodologies, products, product plans, trade secrets, secret processes, programs, program listings, source code, object code, formulas, cost information, marketing information, price lists, business forms, financial records, customers and markets of Client [DynaVox], plus any designs, business plans, business opportunities, finances, research ,development, know-how or personnel data and all other confidential knowledge, date and information related to the business and affairs of the Client [DynaVox] (collectively "Proprietary Information") that may be acquired pursuant to, or in connection with, this Agreement or the relationship contemplated by this Agreement.  During and for a period of (3) years after the term of this Agreement, neither Effective UI nor any of its employees or agents will, without the prior written consent of an officer of Client [DynaVox], publish, communicate, divulge or disclose any of such Proprietary Information…..

61. Effective UI breached the Confidentiality Agreement and the MSA when it failed to protect information concerning the Application from disclosure.

62. DynaVox performed each of the obligations required of it pursuant to the MSA.

63. As a direct and proximate result of the aforementioned breaches, DynaVox has been damaged.

**WHEREFORE**, for the foregoing reasons, Plaintiff, DynaVox Systems LLC prays:

(a)  That this Court award DynaVox damages for its actual losses suffered as a result of Effective UI's breach of contract in an amount in excess of $75,000;

(b)  That this Court award DynaVox its attorneys fees and costs incurred in bringing

   this action pursuant to Section 18.6 of the Master Services Agreement; and

(c) That this Court grant any additional relief it deems just and equitable.

Dated this 11th day of May, 2011.

             Respectfully submitted,

             s/ Craig E. Donnelly
             Craig E. Donnelly
             ROBERTS McGIVNEY ZAGOTTA, LLC
             55 W. Monroe Street, Suite 1700
             Chicago, IL  60603

             Telephone:  312-251-2287
             Email:  cdonnelly@RMcZlaw.com

             And

             s/Dennis J. Bartlett
             Dennis J. Bartlett
             BROSSEAU BARTLETT SESERMAN, LLC
             1600 Broadway, Suite 1600
             Denver, CO  80202
             Telephone:  303-812-1200
             Email:  dbartlett@bbs-legal.com

             **ATTORNEYS FOR PLAINTIFF**
             **DYNAVOX, LLC**