IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 11-cv-01259-RBJ-KMT

DYNAVOX SYSTEMS, LLC,

    Plaintiff,

v.

EFFECTIVE UI, INC., a Colorado corporation, and
JOHN MYERS, Individually and d/b/a 1st DOOR SOFTWARE,

    Defendants.

---

## PERMANENT INJUNCTION BY CONSENT

---

Plaintiff, DynaVox Systems LLC ("DynaVox"), has filed a complaint for permanent injunction and other relief against Defendants Effective UI, Inc. ("Effective"). Effective denies the allegations set forth in the complaint, and has asserted certain cross-claims. Without admitting or denying liability or the validity of any of the claims, defenses, or allegations made by Dynavox except as to jurisdiction, to facilitate a resolution, Effective hereby waives the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil procedure and consents to the entry of this permanent injunction under C.R.S. 7-74-103. Effective further waives any right it may have to appeal from this permanent injunction.

NOW THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

1.     The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1367.

      2.      Effective voluntarily consents and agrees to enter into this order for injunctive relief pursuant to pursuant to C.R.S. 7-74-103.

      3.      Notwithstanding the terms of the Master Services Agreement between DynaVox and Effective dated October 21, 2009, Effective, and each of its officers, directors, employees, contractors, agents and assigns, are permanently enjoined, under C.R.S. 7-74-103, as follows:

    a. From using the DynaVox Mark depicted in Exhibit A hereto (the "Mark"), or any colorable imitation thereof in any fashion whatsoever;

    b. From using any trademark that imitates or is confusingly similar to or in any way similar to the DynaVox Mark or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of DynaVox products or their connectedness to Effective;

    c. From using the DynaVox Logo depicted in Exhibit B hereto (the "Logo"), or any colorable imitation thereof in any fashion whatsoever; and

    d. From using any trademark that imitates or is confusingly similar to or in any was similar to the DynaVox Logo or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of DynaVox products or their connectedness to Effective.

4.      Except as expressly set forth above, nothing contained herein shall serve to alter or amend each of Effective and DynaVox's obligations set forth in the Master Services Agreement between Effective and DynaVox dated October 21, 2009, including but not limited to sections 8, 9, and 13 thereof.

**Entered into and AGREED to:**

SO ORDERED this 2nd day of November, 2011

*[signature: Brooke Jackson]*

_____
UNITED STATES DISTRICT JUDGE